IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS LLOYD, | |
|     Plaintiff, | |
| v. | Case No. 2-10-cv-1103-MEF (WO) |
| HOUSING AUTHORITY OF THE CITY OF MONTGOMERY, ALABAMA, | |
|     Defendant. | |

## ORDER

The plaintiff, Curtis Lloyd, filed a Motion to Alter, Amend or Vacate Judgment (Doc. # 49) after the Court entered summary judgment in favor of the Montgomery Housing Authority (Docs. # 47, 48). Rule 59 of the Federal Rules of Civil Procedure allows a party to file such a motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). By filing the motion 26 days after the Court entered a final judgment, Lloyd filed in a timely manner, thereby satisfying the rule's procedural requirements. His attempt to satisfy the rule's substantive standard is another matter, however.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). It

1

is not a vehicle for relitigating old matters. *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). Nor does Rule 59 allow a party to raise arguments or present evidence that he could have raised or produced before the entry of the final judgment. *Id.*

Here, Lloyd fails to produce newly-discovered evidence or argue (let alone establish) that the Court made a manifest error of law on his disability claim. He instead relies primarily on rehashing arguments the Court has already rejected, although he does cite to *Robertson v. Alabama Department of Economic & Community Affairs*, 902 F. Supp. 1473 (M.D. Ala. 1995), for the first time, arguing that its holding precludes the entry of summary judgment. He never addressed *Robertson*'s significance at the summary judgment stage, however, so he has waived that argument and cannot raise it now.[1] *See Michael Linet*, 408 F.3d at 763 ("Linet however cannot use a Rule 59(e) motion to . . . raise [an] argument . . . that could have been raised prior to the entry of judgment."). More importantly, the Court has already rejected Lloyd's attempt to create a genuine issue of material fact on his disability claim by conflating two different time periods.[2] The same problems are inherent in Lloyd's arguments on his retaliation claim.

---

[1] It is also worth noting that the *Robertson* court did not address the specific question at issue here. Instead, it focused only on the reasonableness of the accommodation requested by the plaintiff.

[2] Lloyd has done this twice now by failing to distinguish between the period when he undoubtedly did not have a disability that substantially limited a major life activity (the 22 years in which he worked as a janitor for the MHA without incident, two of which were at Smiley Court) and the time in which he had a disability that substantially limited his ability to work but did so to such an extent that he was no longer a qualified individual with a disability (the period after his second stint at Smiley Court

Because Lloyd has failed to produce newly discovered evidence or establish that the Court made a manifest error of law by granting summary judgment in the MHA's favor, it is hereby ORDERED that his Motion to Alter, Amend or Vacate Judgment (Doc. # 49) is DENIED.

Done this the 3rd day of July, 2012.

                                                              /s/ Mark E. Fuller
                                                 UNITED STATES DISTRICT JUDGE

---

that aggravated his asthma and hypertension to the point where he could no longer work in the sun and around cleaning chemicals).